IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                          |   |                          |
|--------------------------|---|--------------------------|
|                          | : |                          |
| UNITED STATES OF AMERICA  | : |                          |
|                          | : |                          |
| v.                       | : | Criminal Nos. DKC 19-146-4 |
|                          |   |               DKC 14-191  |
|                          | : |                          |
| WATSON PATRICK BRUCE      | : |                          |
|                          | : |                          |

**MEMORANDUM and ORDER**

Defendant Watson Patrick Bruce ("Mr. Bruce") filed a motion for a reduction in sentence pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821") and a request for the appointment of counsel. (ECF No. 55). For the reasons that follow, the motion will be denied.

The caption of Mr. Bruce's motion cites Case No. DKC 14-191 in which he was found in violation of the terms of supervised release. Amendment 821 "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." USSG § 1B1.10, Application Note 8(A).

The body of Mr. Bruce's motion references the charges and conviction in Case No. DKC 19-146-4. Thus, although the caption of Mr. Bruce's motion cites Case No. DKC 14-191, the motion is more appropriately considered in Case No. DKC 19-146-4, and the Clerk will be directed to docket the motion, any associated papers, and this Order in Case No. DKC 19-146-4.

In Case No. DKC 19-146-4, Mr. Bruce pled guilty to conspiracy to distribute and possession with intent to distribute fentanyl, heroin, cocaine, and cocaine base (Count One), possession with intent to distribute fentanyl, heroin, cocaine, and cocaine base (Count Three), and two counts of use of a communication facility in furtherance of a drug trafficking offense (Counts Sixteen and Twenty).  He was sentenced to 120 months on Counts One and Three with a concurrent term of 48 months on Counts Sixteen and Twenty on January 21, 2021.  (ECF No. 135).[1]  He did not appeal.

The Clerk received Mr. Bruce's motion for a sentence reduction on May 1, 2025.  The Clerk sent Mr. Bruce a letter on May 2, 2025, advising him that the Federal Public Defender was appointed to make a preliminary review of his motion and, if it was determined that he qualified, that office would file a motion with the court on his behalf.  Assistant Federal Defender Sapna Mirchandani filed a notice on May 12, 2025, advising that the Office of the Federal Public Defender would not be filing a supplement to Mr. Bruce's motion.

---

[1]  A corrected Judgment was issued on January 21, 2021, to cure an administrative error.

The United States Court of Appeals for the Fourth Circuit explained in *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000):

> It is well settled that "a criminal defendant has no right to counsel beyond his first appeal." *Coleman v. Thompson*, 501 U.S. 722, 756, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings, *see Gagnon v. Scarpelli*, 411 U.S. 778, 788, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), [a] motion for reduction of sentence does not fit into this category. A motion pursuant to [18 U.S.C.] § 3582(c) "is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." [*United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999)].

*See also United States v. Williams*, Cr. No. 6:08-CR-00668, 2012 WL 3308353, at *1 (D.S.C. Aug. 13, 2012) (citing *Legree*, denying motion for appointment of counsel to assist with motion for reduction of sentence based on Amendment 750); *United States v. Alvarez*, Crim. No. 3:05-CR-75-02, 2012 WL 443763, at *1 (N.D.W.Va. Feb. 10, 2012) (same); *United States v. Eubanks*, No. 6:03-cr-30082, 2012 WL 37493, at *1 (W.D.Va. Jan. 9, 2012) (same). Mr. Bruce's case does not present a complicated or unresolved legal question and the appointment of an attorney would not have altered the outcome.

3

"Ordinarily, a federal court may not 'modify a term of imprisonment once it has been imposed.' This 'rule of finality,' however, 'is subject to a few narrow exceptions.'" *United States v. Gary*, No. 08-cr-0086-JKB, 2024 WL 1641007, at *1 (D.Md. Apr. 16, 2024) (first quoting 18 U.S.C. § 3582(c); and then quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). For instance, 18 U.S.C. § 3582(c)(2) provides that a court may "lower the sentence of a defendant who was 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' if the . . . reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines." *Id.* (quoting 18 U.S.C. § 3582(c)(2)). In addition, under 18 U.S.C. § 3582(c)(2), "a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable." *Id.* (citing *United States v. Riley*, No. 13-cr-0608-ELH, 2022 WL 9361679, at *5 (D.Md. Oct. 14, 2022)). Generally, any reduced sentence may not be less than the minimum of the amended guideline range. USSG § 1B1.10(b)(2). And, in cases involving a mandatory minimum sentence, the court has authority to impose a sentence below that minimum only when there has been a substantial assistance departure. USSG § 1B1.10(c).

Part A of Amendment 821 ("Part A") retroactively alters the application of the Sentencing Guidelines of certain offenders who (1) earned criminal history "status points" based on the commission of an offense while serving a criminal justice sentence, or (2) were assessed zero criminal history points at the time of sentencing. Specifically, Part A decreased status points by one point for a defendant with seven or more criminal history points and eliminated status points altogether for a defendant with six or fewer criminal history points.

Mr. Bruce acknowledged in his plea agreement that he "knowingly conspired with other persons to distribute and possess with the intent to distribute at least 1.1 kilograms of heroin, 147 grams of fentanyl, 200 grams of cocaine, and 5 grams of cocaine base. . ." (plea agreement, ECF No. 112 p. 13). The statutorily required minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A)(i) was 120 months. The sentencing guideline range at the time of sentencing was 121 to 151 months based on an offense level 29 and criminal history category IV, but he was sentenced to one month below that range, 120 months. With the guideline amendment, he is now a criminal history category III, but, because of the statutory mandatory mininimum, his guideline range is 120 to 135 months, not

lower.  He has already been sentenced to the low end of the new guideline range and no further reduction is available.

Accordingly, it is this 13th day of May, 2025, by the United States District Court for the District of Maryland hereby ORDERED that:

1.    The motion for a reduction in sentence under Amendment 821 and for the appointment of counsel filed by Watson Patrick Bruce BE, and the same hereby IS, DENIED; and

2.    The Clerk IS DIRECTED TO:

       a.    Copy from Criminal No. DKC 14-191 Mr. Bruce's motion (ECF No. 55) and the notice from the Office of the Federal Public Defender (ECF No. 57) and docket them, along with this Order, in Case No. DKC 19-146-2;

       b.    Mail a copy of this Order to Mr. Bruce; and

       c.    Transmit a copy of this Order to counsel of record.

```
                              /s/
_____
                    DEBORAH K. CHASANOW
                    United States District Judge
```